IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 1, 2017 Session

IN RE AUDRINA E. ET AL.

Appeal from the Juvenile Court for Sullivan County (Bristol)
Nos. J18110, J18111, J18112    J. Klyne Lauderback, Jr., Judge

No. E2017-01178-COA-R3-PT

This is an appeal from an order terminating the parental rights of the appellant to his minor children. The only notice of appeal filed by the appellant within the time provided in Rule 4(a) of the Tennessee Rules of Appellate Procedure for the filing of a notice of appeal did not comply with Tennessee Code Annotated § 36-1-124(d), which states: "Any notice of appeal filed in a termination of parental rights action shall be signed by the appellant." Because this notice of appeal was insufficient to invoke the jurisdiction of this Court, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., D. MICHAEL SWINEY, C.J., AND CHARLES D. SUSANO, JR., J.

Lindsay K. Earhart, Kingsport, Tennessee, for the appellant, Robert D.

Herbert Slatery III, Attorney General and Reporter, and Brian A. Pierce, Assistant Attorney General, General Civil Division, for the appellee, Tennessee Department of Children's Services.

Jordan C. Pennington, Bristol, Virginia, Guardian Ad Litem.

**MEMORANDUM OPINION**[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

As soon as the defect in the notice of appeal in this case was discovered, and pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, this Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the recent decision in *In re Gabrielle W.*, No. E2016-02064-COA-R3-PT, 2017 WL 2954684, at *3-4 (Tenn. Ct. App. July 11, 2017), which clarified that an appellant's failure to sign the notice of appeal in a termination of parental rights appeal in accordance with the statute deprives this Court of jurisdiction, requiring dismissal of the appeal. *See also In re Mya V.*, No. M2016-02401-COA-R3-PT, 2017 WL 3209181, at *3 (Tenn. Ct. App. July 28, 2017). Counsel for the appellant argues in her response to the show cause order that there was no requirement that an appellant sign the notice of appeal in a termination of parental rights appeal on either the date the trial court signed the order on appeal or the date the only timely filed notice of appeal was filed. We disagree.

The order terminating the appellant's parental rights to his minor children was entered on May 25, 2017. The only timely filed notice of appeal in this case was filed on June 2, 2017, without the appellant's signature. Tennessee Code Annotated § 36-1-124(d) went into effect on July 1, 2016. *See In re Gabrielle W.*, 2017 WL 2954684 at *3. Clearly, the statutory requirement was in effect both when the order terminating the appellant's parental rights was entered and when the only timely filed notice of appeal was filed.

We note that counsel for the appellant attempted to cure the jurisdictional defect in the notice of appeal by filing with her response to the show cause order an amended notice of appeal signed by the appellant. However, the amended notice of appeal was not filed until July 27, 2017. In *In re Catherine J.*, No. W2017-00491-COA-R3-PT, 2017 WL 3141825, at *2-4 (Tenn. Ct. App. July 24, 2017), this Court held that any attempt to correct an appellant's failure to sign the notice of appeal in a termination of parental rights appeal must occur during the thirty-day time limit for filing a notice of appeal in order for the jurisdictional defect to be cured. *Id.* at *3 ("[A]n untimely filed amended notice of appeal in compliance with [the statute] is not sufficient to confer jurisdiction on this Court.").

Because neither the initial notice of appeal nor the amended notice of appeal in this case was sufficient to invoke this Court's jurisdiction within the time provided in Rule 4(a) of the Tennessee Rules of Appellate Procedure, we lack jurisdiction to consider this appeal.[2] This case is dismissed. Costs on appeal are taxed to the appellant, for which execution may issue if necessary.

**PER CURIAM**

---

[2]Effective July 1, 2017, Rule 4(a) was amended to require that notices of appeal be filed with the appellate court clerk rather than the trial court clerk. The amendment has no impact on the outcome of this case because the thirty-day time limit for filing a notice of appeal pursuant to the rule was not changed.